Leland Gregory Edwards, Sr., the appellee, was indicted for murder on March 20, 1990, by the Mobile County grand jury. Ala. Code 1975, § 13A-6-2. In a pretrial motion, the appellee moved for a dismissal of the charge, alleging that there was insufficient evidence to establish a corpus delicti. After a hearing, which consisted of arguments of counsel and the introduction *Page 380 
of the autopsy report pertaining to the victim and a copy of the appellee's confession, the trial court granted the motion. In granting the motion, the court stated:
 "There is only one thing for me to consider at this point and that is the motion to dismiss and the issue of the corpus delicti. . . . I feel that there must be some definite criminal agency involved or some criminally responsible act to have been performed and the evidence has to substantiate that. . . . The Court is compelled by law to grant the motion to dismiss and the Court does so grant the motion to dismiss."
The state appeals, pursuant to A.R.Crim.P.Temp. 17.[1]
From our reading of the scarce facts in the record, it appears that the appellee reported the disappearance of his wife to the police two days after he allegedly left her in a parking lot in front of a nightclub in Mobile County. Several weeks later, her body was found in an isolated wooded area. She was fully clothed and her purse was missing. The pathologist was unable to determine the cause of death. Eight years later, the appellee turned himself in to the police, claiming that his conscience was bothering him and confessing to killing his wife by choking her to death with his hands and then dumping her body in an isolated wooded area. He stated in his confession that he had previously told his daughter that he had killed his wife and that he had given his daughter his wife's wedding ring.
The state contends that it is improper to test the sufficiency of the state's evidence to prove the corpus delicti of the crime by a motion to dismiss. It argues that proof of the corpus delicti is so inextricably bound up with the entire evidence to be offered by the state that its determination in a pretrial proceeding would put the state to the task of trying its case twice. It concludes that it would be better practice to defer such a determination until the trial.
A.R.Crim.P.Temp. 15.5(c)(1) provides:
 "A motion to dismiss the indictment may be based upon objections to the venire, the lack of legal qualification of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense."
Rule 16.2(a) provides:
 "Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pre-trial motion made in accordance with Temporary Rule 16.3."
Rule 16.4(a) provides:
 "A motion raising defenses or objections made before trial pursuant to this rule shall be determined before trial, unless the court for good cause orders that it be deferred for determination at the trial on the merits."
Committee Comments to Rule 16.4 states:
 "Temporary Rule 16.4 requires that the pre-trial motion be determined by the court before trial unless deferred for good cause until the trial. Where the motion raises an issue better determined during the trial, it would be proper to defer the motion. For example, the question of venue may be '[one of] facts so entwined with the merits . . . that a decision should not be made prior to trial but postponed until trial.' United States v. Callahan, 300 F. Supp. 519 (S.D.N.Y. 1969). . . .
 "The purpose of this rule is to dispose of defenses which . . . may be determinative of the case, but which do not require a trial on the merits."
After reviewing this case, we agree with the state. Establishing the corpus delicti requires proof of facts by the state so entwined with the merits of the case that a decision as to whether it had been proved should not be made prior to trial but should be postponed until trial. We think that our conclusion is in keeping with good practice and with the intentions of the rules. We *Page 381 
reverse the judgment of the trial court and remand the case with instructions that the order dismissing the indictment be set aside and that the case be restored to the docket.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.
[1] This case arose prior to the January 1, 1991, effective date of the permanent Rules of Criminal Procedure.