This is a pretrial appeal by the State of Alabama pursuant to Rule 15.7, Ala. R.Crim. P., from an order of the Montgomery Circuit Court granting the motion of the appellee, Lakisha Foster, to dismiss her indictment. Foster was charged in a three-count indictment with first-degree criminal mischief, harassment, and third-degree criminal trespass. Her codefendant and husband, Frederick Foster, was tried and found guilty of second-degree criminal mischief and third-degree criminal trespass. At the conclusion of Frederick Foster's trial, Lakisha Foster made an oral motion to dismiss her indictment, which Judge Johnny Hardwick granted on December 1, 2004. The order granting her motion reads, in relevant part:
 "This Matter came before the Court on December 1, 2004, on defendant's oral motion to dismiss. After consideration of the facts elicited from the trial of the co-defendant Frederick Foster CC-03-1443-JH, this Court finds that the motion is due to be granted.
 "THEREFORE it is hereby ORDERED ADJUDGED AND DECREED that this case be dismissed because the State of Alabama can prove no set of facts upon which a conviction could be based."
Rule 13.5(c)(1), Ala. R.Crim. P., provides:
 "A motion to dismiss the indictment may be based upon objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense."
The State is correct in its contention that Rule 13.5(c)(1) does not provide for the dismissal of an indictment based on the insufficiency of the evidence or, as in this case, a possible lack of evidence. See State v. Edwards, 590 So.2d 379
(Ala.Crim.App. 1991) (establishment of the corpus delicti requires proof of facts by the State so entwined with the merits of the case that a decision as to whether it had *Page 1217 
been proved should not be made before trial but should be postponed until trial); State v. McClain, 911 So.2d 54
(Ala.Crim.App. 2005) (trial court cannot dismiss the indictment based on a lack of evidence).
Accordingly, the order of the trial court granting Lakisha Foster's motion to dismiss her indictment is reversed and the cause is remanded.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
 *Page 364