PER CURIAM.
 

 The State of Alabama appeals the circuit court’s dismissal of two counts of a four-count indictment. See Rule 15.7, Ala. R.Crim.P. Chantnell Denis Robertson was indicted for resisting arrest, a violation of § 13A-10-41, Ala.Code 1975; disorderly conduct, a violation of § 13A-11-7, Ala.Code 1975; criminal mischief in the second degree, a violation of § 13A-7-22, Ala.Code 1975; and harassment, a violation of § 13A-ll-8(a), Ala.Code 1975. On
 
 *357
 
 August 9, 2007, the circuit court entertained Robertson’s guilty pleas to all four charges. During the plea colloquy the court found that there was no factual basis for the resisting-arrest and disorderly-conduct charges and refused to accept Robertson’s plea to those two counts of the indictment. The court then accepted Robertson’s guilty pleas to the criminal-mischief and harassment charges and dismissed the other two charges. The State appeals the court’s dismissal of two counts of the four-count indictment that was returned against Robertson.
 

 The circuit court specifically found that there was no factual basis for accepting Robertson’s pleas to the resisting-arrest and disorderly-conduct charges. The court’s ruling was based on the sufficiency of the evidence to support the charges.
 

 Rule 13.5(c)(1), Ala.R.Crim.P., lists the grounds that will support a pretrial motion to dismiss counts of an indictment:
 

 “A motion to dismiss the indictment may be based upon objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense.”
 

 In
 
 State v. Foster,
 
 935 So.2d 1216 (Ala.Crim.App.2005), we stated:
 

 “Rule 13.5(c)(1) does not provide for the dismissal of an indictment based on the insufficiency of the evidence or, as in this case, a possible lack of evidence. See
 
 State v. Edwards,
 
 590 So.2d 379 (Ala.Crim.App.1991) (establishment of the corpus delicti requires proof of facts by the State so entwined with the merits of the case that a decision as to whether it had been proved should not be made before trial but should be postponed until trial);
 
 State v. McClain,
 
 911 So.2d 54 (Ala.Crim.App.2005) (trial court cannot dismiss the indictment based on a lack of evidence).”
 

 935 So.2d at 1216-17. See
 
 State v. Anderson,
 
 8 So.3d 1033 (Ala.Crim.App.2008). See also
 
 United States v. Sharpe,
 
 438 F.3d 1257, 1263 (11th Cir.2006) (“It is well-settled that ‘a court may not dismiss an indictment ... on a determination of facts that should have been developed at trial.’
 
 United States v. Torkington,
 
 812 F.2d 1347, 1354 (11th Cir.1987).”);
 
 United States v. Ferro,
 
 252 F.3d 964, 968 (8th Cir.2001) (“[S]o long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not ‘provide for a pre-trial determination of sufficiency of the evidence.’
 
 United States v. Critzer,
 
 951 F.2d 306, 307-08 (11th Cir.1992).”);
 
 United States v. Alfonso,
 
 143 F.3d 772, 777 (2d Cir.1998) (“The sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.”).
 

 Instead of dismissing the charges, the court should have refused to accept Robertson’s pleas to the counts it found had no factual basis and then allowed the district attorney to determine his next course of action. By dismissing the charges the circuit court usurped the authority granted exclusively to the district attorney. See
 
 Anderson,
 
 supra.
 

 Accordingly, the circuit court’s ruling dismissing the resisting-arrest and disorderly-conduct charges is reversed, and the court is directed to reinstate those counts of Robertson’s indictment.
 

 REVERSED AND REMANDED.
 

 BASCHAB, P.J., and McMILLAN, SHAW, WISE, and WELCH, JJ., concur.