WISE, Presiding Judge,
dissenting.
I disagree with the conclusion that the trial court properly dismissed the indictments against the Rofflers. For the reasons set forth herein, I also note that it was inappropriate for the trial court to dismiss the indictments against the Rof-flers with prejudice.
Because the matter had not yet been to trial and the State had not yet had an opportunity to present evidence, the indictments were not fatally flawed, as the trial court found. Rather, at that point in time, at most, the indictments were merely voidable because they did not sufficiently identify the property the Rofflers allegedly stole from the victims, and the State could have amended the indictments to properly identify the property the Rofflers allegedly stole from the victims. Also, the Rofflers could have filed a motion for a more definite statement. See Rule 13.2(e), Ala. R.Crim. P.; Sullens v. State, 878 So.2d 1216 (Ala.Crim.App.2003).
With regard to the pretrial dismissal of an indictment, Rule 13.5(c)(1), Ala. R.Crim. P., provides:
“A motion to dismiss the indictment may be based upon objections to the venire, *225 the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense.”
Based on Rule 13.5(c)(1), Ala. R.Crim. P., this court has repeatedly held that a possible lack of evidence is not an appropriate ground for pretrial dismissal of an indictment. See State v. Foster, 935 So.2d 1216 (Ala.Crim.App.2005) (holding that a possible lack of evidence is not an appropriate ground for pretrial dismissal of an indictment); State v. McClain, 911 So.2d 54 (Ala.Crim.App.2005) (holding that a lack of evidence is not a viable basis for a pretrial dismissal of an indictment); State v. Edwards, 590 So.2d 379, 380 (Ala.Crim.App. 1991) (reversing the pretrial dismissal of the indictment and holding that “[ejstab-lishing the corpus delicti requires proof of facts by the state so entwined with the merits of the case that a decision as to whether it had been proved should not be made prior to trial but should be postponed until trial”). Because the matter had not yet been to trial, we do not know if this case is more like Ex parte Brooks, 562 So.2d 604 (Ala.1990), or more akin to Harrison v. State, 13 So.3d 45, 47 (Ala.Crim. App.2009). In Ex parte Brooks, the indictment charged the defendant with theft of currency. At trial, the State presented evidence that the defendant deposited a check into a trust account and subsequently withdrew currency from that account. The supreme court held that, when the defendant withdrew the money from the account, he converted the check to currency. Therefore, the supreme court held that there was not a fatal variance because it was a theft of the client’s money from the trust account rather than a theft of the check itself. However, in Harrison, this court found that there was a fatal variance because the indictment alleged the theft of currency, but the evidence showed merely that the defendant actually exercised unauthorized control over a check. Thus, this Court main opinion erroneously affirms the trial court’s judgment based on a conclusion that there was a fatal variance between the allegations included in the indictments and the evidence.
A lower court has the authority, in limited circumstances, to dismiss an indictment pretrial. However, by making a finding of fact at the pretrial stage and reaching an issue that was not yet properly before it procedurally, the trial court in this case exceeded its authority. When a lower court exceeds its proper judicial function as the trial court did in this case, this court must take notice of the error. Therefore, I disagree with the assertion in the main opinion that the State waived any argument that it was inappropriate to dismiss the indictments pretrial based on an apparent lack of evidence.
For these reasons, the trial court erred in dismissing the indictments against the Rofflers pretrial and with prejudice. Accordingly, I respectfully dissent.