WELCH, Judge.
 

 The State of Alabama appeals the circuit court’s pretrial dismissal of a charge of disorderly conduct. See Rule 15.7, Ala. R.Crim. P. A Montgomery County grand jury charged Chantnell Denise Robertson with resisting arrest, a violation of § 13A-10-41, Ala.Code 1975; disorderly conduct, a violation of § 13A-11-7, Ala.Code 1975; criminal mischief in the second degree, a violation of § 13A-7-22, Ala.Code 1975; and harassment, a violation of § 13A-11-8(a), Ala.Code 1975. Robertson pleaded guilty to all charges, but, at the guilty-plea hearing, held on August 9, 2007, the trial court found that there was no factual basis for the pleas of guilty to the charges of
 
 *15
 
 disorderly conduct and resisting arrest and it refused to accept Robertson’s pleas to those charges. The trial court dismissed those charges. The court accepted Robertson’s pleas of guilty to the charges of criminal mischief and harassment. The State appealed the trial court’s dismissal of the disorderly-conduct and resisting-arrest charges. On appeal, this Court reversed the trial court’s dismissal of those charges, holding that the trial court had erred in dismissing the charges based on its determination that there was no factual basis for Robertson’s pleas of guilty to those charges.
 
 State v. Robertson,
 
 8 So.3d 356 (Ala.Crim.App.2008).
 
 [1]
 
 Instead of dismissing the charges, this Court said, the trial court should have refused to accept the pleas for which it found no factual basis and then allowed the district attorney to determine his next course of action. This Court directed the circuit court to reinstate those counts of the indictment.
 

 On remand, a status hearing was held on February 13, 2009. Robertson again indicated that she wanted to plead guilty to the charges of disorderly conduct and resisting arrest, “as we attempted to do initially,” Robertson said. (R. 4.) The court then conducted a guilty-plea colloquy, and Robertson pleaded guilty to both charges. Robertson testified about her actions on the day of the incident. The trial court stated: “I’m trying to wrap my mind around whether or not I got — I see the resisting arrest, just having trouble with the disorderly conduct.” (R. 18-19.) The trial court and the prosecutor discussed whether the State could establish both resisting arrest and disorderly conduct. During that discussion, the trial court stated:
 

 “Either you got disorderly conduct or you have resisting arrest. I — in my mind, now, I’ll dismiss this case again and it can go back up to the court again. I don’t care. All right. But I’m trying to give you an opportunity to explain to me why you think you got both.”
 

 (R. 21-22.)
 

 At the conclusion of the hearing, the trial court stated: “I’ll accept your plea on resisting arrest and I’ll dismiss for a second time the disorderly conduct.” (R. 22-23.) The State again appealed the dismissal of the disorderly conduct charge.
 

 The State argues on appeal that the trial court’s ruling must be reversed because, it says, the trial court failed to follow this Court’s directions on remand and that it should not have dismissed the disorderly conduct charge. We agree with the State.
 

 “The general rule is as follows:
 

 “ ‘On remand, the issues decided by the appellate court become law of the case and the trial court’s duty is to comply with the appellate mandate “according to its true intent and meaning,
 
 as determined by the directions given by the reviewing court.” Ex parte Alabama Power Co.,
 
 431 So.2d 151 (Ala.1983) (emphasis added [in
 
 Walker
 
 ]). When the mandate is not clear, the opinion of the court should be consulted. See
 
 Cherokee Nation v. Oklahoma,
 
 461 F.2d 674 (10th Cir.),
 
 cert. denied,
 
 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 489 (1972).’
 

 “Walker v. Carolina Mills Lumber Co.,
 
 441 So.2d 980, 982 (Ala.Civ.App.1983).”
 

 Franks v. State,
 
 651 So.2d 1114, 1117 (Ala.Crim.App.1994).
 

 In our previously issued opinion in this case, we thoroughly discussed the principle that Alabama law does not provide for the dismissal of an indictment
 
 *16
 
 based on the possible lack of evidence, and we held:
 

 “Instead of dismissing the charges, the court should have refused to accept Robertson’s pleas to the counts it found had no factual basis and then allowed the district attorney to determine his next course of action. By dismissing the charges the circuit court usurped the authority granted exclusively to the district attorney.
 

 “Accordingly, the circuit court’s ruling dismissing the resisting-arrest and disorderly-conduct charges is reversed, and the court is directed to reinstate those counts of Robertson’s indictment.”
 

 8 So.3d at 357 (citation omitted).
 

 This Court’s mandate in the previously issued opinion was clear, and the trial court failed to follow that mandate when it dismissed the disorderly conduct charge against Robertson for a second time.
 

 Before a trial, the trial court has no authority to dismiss a charge based on its own evaluation of the proposed evidence or lack thereof. Its role during a guilty-plea colloquy is to evaluate the factual basis for the plea and decide whether to accept the plea. This was clearly stated in our order on remand, and a trial court is no more entitled to ignore an order on remand from an appellate court than a litigant in the trial court would be entitled to ignore an order issued by the circuit judge.
 

 Therefore, the circuit court’s ruling dismissing the disorderly conduct charge is again reversed, and that court is again directed to reinstate that count of Robertson’s indictment.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . In this case, the defendant's name is spelled “Chantnell Denis Robertson.”