KELLUM, Judge.
 

 Eric Lashawn Bethel was indicted for escape in the first degree, a violation of § 13A-10-31, Ala.Code 1975. During a hearing held for the purpose of accepting Bethel’s guilty plea to escape in the first degree as charged in the indictment, the circuit court dismissed the indictment against Bethel. Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the circuit court’s judgment dismissing Bethel’s indictment.
 

 The record indicates that during the guilty-plea hearing held on March 4, 2010, the following occurred:
 

 “THE COURT: Where were you sentenced to?
 

 “[BETHEL]: Sir?
 

 “THE COURT: You were serving time where?
 

 “[DEFENSE COUNSEL]: He was in Community Corrections.
 

 
 *378
 
 “THE COURT: You were serving time in Community Corrections?
 

 “[BETHEL]: Yes, sir.
 

 “THE COURT: What did you do?
 

 “[BETHEL]: Sir, my cousin committed suicide and I relapsed and didn’t report, Your Honor.
 

 “THE COURT: Okay. How many months were you gone before they arrested you?
 

 “[BETHEL]: I was gone like a week.
 

 “THE COURT: Okay. You didn’t report where?
 

 “[BETHEL]: Didn’t report to Mr. Smith.
 

 “THE COURT: How many months did you miss?
 

 “[BETHEL]: I didn’t miss a month. I just missed a week. I was reporting once a week.
 

 “THE COURT: You were reporting once a week and you only missed one week?
 

 “[BETHEL]: Yes, sir.
 

 “THE COURT: Is that right?
 

 “[DEFENSE COUNSEL]: That’s what this shows.
 

 “THE COURT: Is that right, one week?
 

 “[PROSECUTOR]: He was contacted on January 22nd, ‘09 and told to report. Didn’t report. Wednesday the 28th, the defendant failed to report again as required.
 

 “[DEFENSE COUNSEL]: He was actually absent two weeks.
 

 “[PROSECUTOR]: I’m sure of the actual arrest date.
 

 “THE COURT: So two weeks, it’s escape in the first degree. And if you are on probation, you can be gone months and we don’t put an escape charge on you. That seems to be a little unfair to me.
 

 “[DEFENSE COUNSEL]: When were you picked back up?
 

 “[BETHEL]: A week. A week after I talked to Mr. Smith. It was a week. It was one week. It wasn’t two weeks. It was one week.
 

 “THE COURT: Escape in the first degree on a week’s failure to appear or report?
 

 “[PROSECUTOR]: I can’t speak for — I don’t know.
 

 “THE COURT: Since I know about Community Corrections, and I believe they should have escape clauses — escape cases. And I know what I am about to do to — you’re going to have to do a lot of work. But I am not going to take a plea on escape for one week because I don’t view that as an escape. I am going to dismiss this case. And I know what you got to do. But not to report for one week in Community Corrections is not escape. So I am going to dismiss this case and send him back to the penitentiary to serve his time....”
 

 (R. 4-6.)
 

 The State contends on appeal that the circuit court erred in dismissing the indictment against Bethel because, it argues: (1) a dismissal based on the insufficiency of the evidence was inappropriate; and (2) contrary to the court’s finding, the failure to report to the community-corrections program could constitute escape in the first degree.
 

 Rule 13.5(c)(1), Ala. R.Crim. P., lists the grounds that will support a pretrial motion to dismiss an indictment:
 

 “A motion to dismiss the indictment may be based upon objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense.”
 

 
 *379
 
 In
 
 State v. Foster,
 
 935 So.2d 1216 (Ala.Crim.App.2005), we stated:
 

 “Rule 13.5(c)(1) does not provide for the dismissal of an indictment based on the insufficiency of the evidence or, as in this case, a possible lack of evidence. See
 
 State v. Edwards,
 
 590 So.2d 379 (Ala.Crim.App.1991) (establishment of the corpus delicti requires proof of facts by the State so entwined with the merits of the case that a decision as to whether it had been proved should not be made before trial but should be postponed until trial);
 
 State v. McClain,
 
 911 So.2d 54 (Ala.Crim.App.2005)(trial court cannot dismiss the indictment based on a lack of evidence).”
 

 935 So.2d at 1216-17. See
 
 State v. Anderson,
 
 8 So.3d 1033 (Ala.Crim.App.2008). See also
 
 United States v. Sharpe,
 
 438 F.3d 1257, 1263 (11th Cir.2006) (“It is well-settled that ‘a court may not dismiss an indictment ... on a determination of facts that should have been developed at trial.’
 
 United States v. Torkington,
 
 812 F.2d 1347, 1354 (11th Cir.1987).”)
 

 Furthermore, in
 
 State v. Wright,
 
 976 So.2d 1053 (Ala.Crim.App.2007), this Court held that an inmate sentenced to a community-corrections program may be charged with escape in the first degree under the appropriate circumstances. In so holding, we explained:
 

 “[I]n deeming an inmate’s failure to remain within the extended limits of his confinement under the community corrections program an escape from a state penal institution, [§ 15-18-175(d)(3)e, Ala.Code 1975,] defines the inmate’s status for purposes of invoking the escape offenses set forth in Alabama’s Criminal Code. In other words, if a person fails to remain within the extended limits of his confinement as those limits are defined by the community corrections program, then his status is that of an inmate who has escaped from a state penal institution or from the custody of the county sheriff, depending upon the underlying conviction.
 

 “Just as a ‘traditional’ inmate (that is, an inmate incarcerated within prison walls) who escapes from a penal institution can be charged with first-degree escape if he uses physical force, threat of physical force, or a deadly weapon or instrument in escaping, § 13A-10-31(a)(1), or if he escapes after having been convicted of a felony, § 13A-10-31(a)(2), an inmate in the community corrections program who fails to stay within the parameters of the dictates of the program can also be charged with first-degree escape if, in escaping, he uses physical force, the threat of physical force, or a deadly weapon or instrument, or if he was in custody because of a felony conviction. Accordingly, an inmate who escapes from a community corrections program can, under the appropriate circumstances, properly be charged with and convicted of first-degree escape.”
 

 State v. Wright,
 
 976 So.2d at 1055-56.
 

 The circuit court impermissibly dismissed the indictment against Bethel for two reasons. As this Court has previously held, Rule 13.5 does not permit the dismissal of an indictment based on insufficient evidence. Thus, the circuit court erred when it dismissed the charge against Bethel based on the insufficiency of the evidence. Further, because an inmate taking part in the community-corrections program may be charged with first-degree escape under the appropriate circumstances, the circuit court likewise could not dismiss the indictment against Bethel on
 
 *380
 
 this ground. In reaching this determination, however, we do not express an opinion as to the efficacy of the first-degree-escape charge against Bethel. That determination is best left to a jury or other finder of fact.
 

 Based on the foregoing, the judgment of the circuit court is reversed and this case is remanded for the circuit court to set aside its order dismissing the first-degree-escape charges and to restore Bethel’s case to its active docket.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.