Rel: May 5, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

---

## CR-20-0844

---

### State of Alabama

### v.

### Kenyata Demetris Burton

### Appeal from Calhoun Circuit Court
### (CC-15-1494)

COLE, Judge.

The State of Alabama appeals the Calhoun Circuit Court's pretrial order dismissing Kenyata Demetris Burton's 2015 capital-murder indictment, finding that it violated Burton's right against being placed twice in jeopardy. For the following reasons, we reverse the circuit court's judgment.

Facts and Procedural History

In 2013, a Calhoun County grand jury indicted Burton for the murder of Dequireqa Lashawn Royal, a violation of § 13A-6-2, Ala. Code 1975. Burton moved to dismiss that indictment because, he said, his murder charge was based solely on the "uncorroborated testimony" of accomplices. (C. 239.) The circuit court held a hearing on Burton's motion,[1] and, at that hearing, the State presented evidence to show that it could corroborate the accomplice testimony. The circuit court took Burton's motion under advisement and later reconvened the parties for further proceedings on Burton's motion. After hearing arguments from Burton and the State, the circuit court granted Burton's motion to dismiss his indictment, explaining, in part:

> "I can't let the case go forward. I'm dismissing the indictment at this time. I don't think prejudice would attach anyway in a felony case of this nature until a jury is sworn in. That's the information under criminal procedure, as I understand it, once a jury is sworn, then prejudice attaches. ... So the fact that this case is dismissed today does not in any way prevent the State from re-presenting this case to a grand jury for an indictment or for further prosecution if they get other sufficient evidence or what they think is sufficient for

---

[1]A copy of the court reporter's transcript of the hearings on Burton's motion to dismiss his 2013 murder indictment was admitted, without objection, as Defendant's Exhibit 1 at the hearing on his motion to dismiss his 2015 capital-murder indictment. (R. 10.)

prosecution. But at this point, it doesn't exist, and there is no way I can let a case like this go to a jury."

(C. 327-28.) The circuit court memorialized its decision in a written order.[2]

In accordance with the circuit court's judgment dismissing Burton's 2013 indictment, in August 2015, a Calhoun County grand jury reindicted Burton for killing Royal. (C. 10.) Burton's 2015 indictment elevated his 2013 charge from murder to capital murder, a violation of § 13A-5-40(a)(2), Ala. Code 1975. (C. 10.) In response, Burton moved to dismiss his 2015 indictment, arguing that the 2015 indictment violated double-jeopardy principles. (C. 120-24.) Burton's double-jeopardy argument was premised on his belief that the circuit court's dismissal of his 2013 indictment was tantamount to an acquittal, explaining, in part:

> "[I]t is plain that [the circuit court] evaluated the State's evidence against Burton in the earlier proceedings and determined that there was legally insufficient [evidence] to sustain a conviction as a matter of law. As such, by way of dismissal, the court acted on its view that the prosecution had failed to prove its case and granted a 'dismissal' but an acquittal for purposes of the Double Jeopardy purposes. This Court's prior Order of Dismissal was not a dismissal on a

---

[2]Although the record on appeal does not include the circuit court's 2014 order, both parties agree that the circuit court's order dismissed the 2013 indictment "without prejudice." (See State's brief, p. 9; and Burton's brief, p. 4.) (See also R. 245.)

3

procedural ground or a technical ground such as a defective indictment. ...

"In the present case, the indictment against Burton was dismissed because the State failed to submit sufficient evidence to corroborate the co-Defendant['s] testimony. ...

"....

"... [T]his Court's previous ruling on the motion to dismiss was an adjudication on the sufficiency of the evidence; therefore, it is considered a legal acquittal as a matter of law.

"Accordingly, under the Alabama Rules of Criminal Procedure, the State should have appealed the order granting the motion to dismiss under Rule 15.7. The State failed to use the proper remedy at the time and as such they should be prohibited and estopped from further prosecution."

(C. 121-22 (paragraph numbering omitted).)

The State argued that the circuit court was without authority to enter a pretrial dismissal of Burton's 2013 indictment "based upon its own evaluation of the proposed evidence or lack thereof," but it conceded that, because it had failed to object to the circuit court's actions, the State had waived "this limitation upon the power of the Court to enter a pretrial adjudication on the merits of the case and sufficiency of the evidence prior to trial." (C. 118.) The State argued, however, that Burton's 2015 indictment and his prosecution for capital murder did not violate double-jeopardy principles because the circuit court "expressly

4

stated on the record that the dismissal of the previous case was without prejudice and that there would be no bar to a subsequent prosecution." (C. 118.)

On March 14, 2019, the circuit court held a hearing on Burton's motion to dismiss his 2015 indictment. (R. 4.) At that hearing, both Burton and the State argued about the effect the circuit court's dismissal of Burton's 2013 indictment had on the State's ability to prosecute Burton for capital murder on the 2015 indictment. The court informed the parties that it would reserve its ruling on Burton's motion to dismiss. (R. 34-35.) Over a year later, on June 3, 2020, the circuit court held another hearing on Burton's motion to dismiss his 2015 indictment, during which the circuit court again heard arguments from the parties. (R. 228-69.) On July 23, 2021, the circuit court issued an order granting Burton's motion to dismiss. (C. 202.) The State timely appealed.

Discussion

On appeal, the State argues that the circuit court erred when it granted Burton's motion to dismiss his 2015 indictment because, it says, the circuit court's dismissal of Burton's 2013 indictment did not put Burton in jeopardy. Burton, on the other hand, argues that the circuit

court's judgment dismissing his 2013 indictment "constitute[d] an acquittal as a matter of law" and, thus, the 2015 indictment and his prosecution under that indictment violates his right to be free from being placed in jeopardy twice. (Burton's brief, p. 9.)

Although Burton moved to dismiss his 2013 indictment because the State's evidence was insufficient and the circuit court dismissed Burton's 2013 indictment on that basis, a circuit court does not have the authority to dismiss an indictment before trial based on the sufficiency of the State's evidence. Rule 13.5(c)(1), Ala. R. Crim. P., provides four bases upon which a defendant may move to dismiss an indictment and upon which a circuit court may grant such a motion before a trial: (1) "objections to the venire," (2) "the lack of legal qualifications of an individual grand juror," (3) "the legal insufficiency of the indictment," and (4) "the failure of the indictment to charge an offense." Burton's motion to dismiss his 2013 indictment was not based on any of these four grounds. Instead, as explained above, Burton's motion was based on (and the circuit court rested its judgment on) the fact that State did not have sufficient evidence to corroborate accomplice testimony as is required by § 12-21-222, Ala. Code 1975.

This Court has explained that

"there is no pretrial means to dismiss the charges against a defendant based on the insufficiency of the evidence. In <u>State v. Bethel</u>, 55 So. 3d 377 (Ala. Crim. App. 2010), we addressed this issue and stated:

"'....

"'"Rule 13.5(c)(1) does not provide for the dismissal of an indictment based on the insufficiency of the evidence or, as in this case, a possible lack of evidence. See <u>State v. Edwards</u>, 590 So. 2d 379 (Ala. Crim. App. 1991) (establishment of the corpus delicti requires proof of facts by the State so entwined with the merits of the case that a decision as to whether it had been proved should not be made before trial but should be postponed until trial); <u>State v. McClain</u>, 911 So. 2d 54 (Ala. Crim. App. 2005)(trial court cannot dismiss the indictment based on a lack of evidence)."

"'[<u>State v. Foster</u>, 935 So. 2d 1216, 1216-17 (Ala. Crim. App. 2005]. See <u>State v. Anderson</u>, 8 So. 3d 1033 (Ala. Crim. App. 2008). <u>See also</u> <u>United States v. Sharpe</u>, 438 F.3d 1257, 1263 (11th Cir. 2006) ("It is well-settled that 'a court may not dismiss an indictment ... on a determination of facts that should have been developed at trial.' <u>United States v. Torkington</u>, 812 F.2d 1347, 1354 (11th Cir. 1987).")

"'....

7

"'The circuit court impermissibly dismissed the indictment against Bethel for two reasons. As this Court has previously held, Rule 13.5 does not permit the dismissal of an indictment based on insufficient evidence. Thus, the circuit court erred when it dismissed the charge against Bethel based on the insufficiency of the evidence. Further, because an inmate taking part in the community-corrections program may be charged with first-degree escape under the appropriate circumstances, the circuit court likewise could not dismiss the indictment against Bethel on this ground. In reaching this determination, however, we do not express an opinion as to the efficacy of the first-degree-escape charge against Bethel. That determination is best left to a jury or other finder of fact.'

"55 So. 3d at 379-80. See State v. Robertson, 8 So. 3d 356 (Ala. Crim. App. 2008).

"In fact, this Court first recognized this principle in State v. Edwards, 590 So. 2d 379 (Ala. Crim. App. 1991), when it addressed this issue as it related to Rule 15.5(c)(1), Ala. R. Crim. P. Temp (now Rule 13.5(c)(1), Ala. R. Crim. P.):

"'Establishing the corpus delicti requires proof of facts by the state so entwined with the merits of the case that a decision as to whether it had been proved should not be made prior to trial but should be postponed until trial. We think that our conclusion is in keeping with good practice and with the intentions of the rules.'

"590 So. 2d at 380."

8

State v. Starks, [Ms. CR-21-0048, May 6, 2022] ___ So. 3d ___, ___ (Ala. Crim. App. 2022) (footnotes omitted). So, as the parties agree, the circuit court's judgment dismissing Burton's 2013 indictment before a trial based on the State's ability to corroborate accomplice testimony was without any legal basis. But as this Court and the Alabama Supreme Court have recognized, the State can invite this error:

> "In Ex parte Worley, 102 So. 3d 428 (Ala. 2010), the Supreme Court held that, although the circuit court dismissed the charges against Worley based on a pretrial motion that argued the lack of sufficiency of the evidence, the State failed to argue that that motion was not filed at the appropriate time. The Supreme Court held that the State invited the error:
>
>> "'The State should have argued to the trial court that the appropriate time for it to consider Worley's motion to dismiss would have been at the conclusion of the State's case, not before the trial, and that, moreover, when the time to consider the motion did come, the motion should be denied for the following reasons, thereby setting forth the proffer. Instead, the State proceeded immediately to a discussion of the evidence it expected to be presented at trial, without advising the trial court that its proffer was premature and that it would be error for the trial court to rely on it.'
>
> "102 So. 3d at 434."

State v. Starks, ___ So. 3d at ____. So, although the circuit court's dismissal of Burton's 2013 indictment was error, the State invited that

9

error here by presenting evidence to the circuit court showing how it could satisfy § 12-21-222, Ala. Code 1975, and by failing to object to the circuit court's pretrial dismissal of Burton's indictment based on the sufficiency of the evidence.[3] Thus, the question we must answer here is not whether the circuit court's 2013 judgment was correct, but, rather, whether the circuit court's <u>pretrial</u> dismissal of Burton's 2013 indictment based on the sufficiency of the State's evidence triggers the protections of the Double Jeopardy Clause, preventing the State from prosecuting Burton on his 2015 indictment. This question turns on whether the circuit court's 2013 order acted as an acquittal.

Burton takes the position that the circuit court's 2013 judgment dismissing his indictment was tantamount to an acquittal, making the State's prosecution of Burton's 2015 indictment a violation of double-jeopardy principles. The State, on the other hand, takes the position that the circuit court did not acquit Burton of murder when it dismissed his 2013 indictment. The State says that the circuit court did not intend for

_____

[3]The State conceded during the hearing on Burton's motion to dismiss his 2015 indictment that it had waived any arguments concerning the propriety of the circuit court's judgment because it had invited the circuit court's error.

10

its judgment to be final, a fact that, it says, is evidenced by the circuit court's qualifying that the dismissal was "without prejudice" and explaining to the parties that the State would not be prevented from reindicting Burton.

In Lane v. State, 327 So. 3d 691 (Ala. Crim. App. 2020), this Court explained "the difference between acquittals and procedural dismissals" in the context of a circuit court's granting a motion for a judgment of acquittal after a jury had been empaneled and sworn as follows:

> "'[O]ur cases have defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense. See [United States v. Scott, 437 U.S. 82, 98, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978)], and n.11; Burks v. United States, 437 U.S. 1, 10, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978); United States v. Martin Linen Supply Co., 430 U.S. 564, 571, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977). Thus an "acquittal" includes "a ruling by the court that the evidence is insufficient to convict," a "factual finding [that] necessarily establish[es] the criminal defendant's lack of criminal culpability," and any other "rulin[g] which relate[s] to the ultimate question of guilt or innocence." Scott, 437 U.S. at 91, 98, and n. 11, 98 S. Ct. 2187 (internal quotation marks omitted). These sorts of substantive rulings stand apart from procedural rulings .... Procedural dismissals include rulings on questions that "are unrelated to factual guilt or innocence," but "which serve other purposes," including "a legal judgment that a defendant,

11

> although criminally culpable, may not be punished" because of some problem like an error with the indictment. Id., at 98, 98 S. Ct. 2187.'

"Evans v. Michigan, 568 U.S. 313, 318-19, 133 S. Ct. 1069, 185 L. Ed. 2d 124 (2013) (emphasis added)."

Lane, 327 So. 3d at 761-62.

In Lane, this Court rejected Lane's argument that, what the circuit court called a "judgment of acquittal" when it vacated one of Lane's murder convictions at his first trial, was actually an acquittal for double-jeopardy purposes, reasoning:

> "Here, although styled a 'judgment of acquittal' as to Lane's intentional-murder conviction, the trial court's ruling was not a judgment of acquittal because it was not '"a ruling that the evidence [was] insufficient to convict"' Lane of intentional murder or a finding that '"necessarily establish[es] [Lane's] lack of criminal culpability"' for that offense. Evans[ v. Michigan], 568 U.S. [313,] 319, 133 S. Ct. 1069 [(2013)] (quoting United States v. Scott, 437 U.S. 82, 91 and 98, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978)). See Evans, 568 U.S. at 322, 133 S. Ct. 1069 ('[L]abels do not control our analysis in this context; rather, the substance of a court's decision does.'). Rather, it is obvious that the trial court intended to vacate Lane's intentional-murder conviction solely because the conviction violated double-jeopardy principles. This much is evident not only from the face of the trial court's order, but also from the fact that the basis for the court's ruling was this Court's decision in Cooper v. State, 912 So. 2d 1150 (Ala. Crim. App. 2005), in which this Court remanded the case for the trial court to vacate the defendant's intentional-murder conviction because the defendant had also been convicted of capital murder for killing the same victim,

which, this Court held, violated double-jeopardy principles. Cooper, 912 So. 2d at 1152-53. Thus, the trial court's ruling was clearly '"unrelated to factual guilt or innocence,"' Evans, 568 U.S. at 319, 133 S. Ct. 1069 (quoting Scott, 437 U.S. at 99, 98 S. Ct. 2187), and, instead, was merely '"a legal judgment that [Lane], although criminally culpable, [could] not be punished"' for both the intentional-murder conviction and the capital-murder conviction. Evans, 568 U.S. at 319, 133 S. Ct. 1069 (quoting Scott, 437 U.S. at 98, 98 S. Ct. 2187). Indeed, had the trial court in Lane's first trial concluded that there was insufficient evidence to find Lane guilty of the intentional murder of Theresa, the court would have been required to enter a judgment of acquittal as to all three of Lane's convictions because the intentional murder of Theresa was an essential element of each conviction. Towles[ v. State], 263 So. 3d [1076,] 1085 [(Ala. Crim. App. 2018)]. Therefore, because Lane was not acquitted of the intentional murder of Theresa in his first trial, his capital-murder convictions in this trial do not violate double-jeopardy principles. Accordingly, Lane is not entitled to relief on this claim."

Lane, 327 So. 3d at 762.

Here, both parties ask this Court to engage in a similar analysis to determine whether the circuit court's order was a procedural dismissal or an acquittal. Burton asks this Court to look past the circuit court's words "without prejudice" in its order dismissing Burton's 2013 indictment and, instead, to focus on the fact that the circuit court found that the State's evidence was insufficient because it could not corroborate the accomplice testimony. The State asks us to look past the fact that the circuit court made a ruling on the sufficiency of the State's evidence

13

and, instead, to focus on the fact that the circuit court's expressed intent was to dismiss the case "without prejudice" so that the State could reindict Burton if it found evidence to corroborate the accomplice testimony. But we do not need to engage in such a debate here because Burton's double-jeopardy argument suffers from one fatal flaw: Burton was never placed in jeopardy on his 2013 indictment.

Before a person can suffer "double jeopardy" he must first "suffer jeopardy." See Serfass v. United States, 420 U.S. 377, 393, 95 S. Ct. 1055, 1065, 43 L. Ed. 2d 265, 277 (1975) ("[A]n accused must suffer jeopardy before he can suffer double jeopardy."). And one does not "suffer jeopardy" until there is a "risk of determination of guilt." Serfass, 420 U.S. at 391-92, 95 S. Ct. at 1064. See also Black's Law Dictionary 963 (10th ed. 2014) (defining "jeopardy" as "[t]he risk of conviction and punishment that a criminal defendant faces at trial"). Here, although the circuit court based its 2013 dismissal of Burton's indictment on the sufficiency of the State's evidence, it did so pretrial and at a time when Burton faced no risk of a determination of guilt. In Alabama, that risk generally does not arise until a jury has been impaneled and sworn and the indictment is read to the jury. See Ex parte Collins, 385 So. 2d 1005,

14

1007 (Ala. 1980) ("Alabama courts have held that jeopardy attaches when a jury has been impaneled and sworn, and the indictment has been read to the jury."). "Since a pretrial dismissal of a pending charge does not involve a determination of guilt, it is not the equivalent of an acquittal." State v. Betterton, 527 So. 2d 743, 747 (Ala. Crim. App. 1986). Further, the parties had not agreed that the circuit court could conduct a bench trial to determine Burton's guilt or innocence in relation to the original murder charge. In other words, Burton, whose indictment was dismissed based on the sufficiency of the State's evidence but without prejudice and before a trial had commenced, has not suffered jeopardy and, therefore, cannot suffer "double jeopardy."

## Conclusion

Because the circuit court's pretrial dismissal without prejudice of Burton's 2013 indictment did not involve a determination of guilt and it occurred prior to jeopardy attaching to the 2013 indictment, the circuit court's dismissal of Burton's 2015 indictment on double-jeopardy grounds was incorrect. Accordingly, we reverse the circuit court's judgment and remand this case to the circuit court for that court to vacate its judgment and reinstate Burton's capital-murder indictment.

REVERSED AND REMANDED.

Windom, P.J., and McCool and Minor, JJ., concur. Kellum, J., concurs in the result.