LYONS, Justice.
A Montgomery County grand jury indicted Nancy Lillian Worley, the former Secretary of State of Alabama, on charges of felony violations of § 17-l-7(b), Ala. Code 1975, and misdemeanor violations of § 17-l-7(c), Ala.Code 1975,[1] stemming from a letter she wrote to employees of the Office of Secretary of State, when she was secretary of state, seeking their vote and support in her campaign for reelection to that office. Worley filed a motion to dismiss the indictment. The trial court granted the motion in part and entered a judgment dismissing the felony charges against Worley, holding that because the misdemeanor statute, § 17 — 1—7(c), specifically addressed campaign practices involving subordinates, the more general felony statute, § 17-l-7(b), was not applicable. The trial court also concluded that the State had overreached by attempting to charge misdemeanor offenses as felony offenses. A portion of the trial court’s order is based on its conclusion that the State’s evidence could not establish both felony charges and misdemeanor charges. The State appealed the trial court’s judgment to the Court of Criminal Appeals. The Court of Criminal Appeals reversed the trial court’s judgment. State v. Worley, 102 So.3d 408 (Ala.Crim.App.2009). Wor-ley then petitioned this Court for a writ of certiorari; we granted certiorari review as to whether the State invited the trial court’s error by making a proffer of the evidence before trial. We reverse and remand.
I. Factual Background and Procedural History
Worley was the Secretary of State for the State of Alabama from 2002 to 2006. She sought reelection to that office in the November 2006 general election, but she was defeated. In March 2007, a Montgomery County grand jury returned a 10-count indictment against Worley. The charges stemmed from a letter Worley had mailed to five employees of the secretary of state’s office during the 2006 Democratic primary campaign. For each employee who received a letter, the State filed two charges against Worley — one count charging her with a felony violation of § 17-1-7(b) and one count charging her with a misdemeanor violation of § 17-l-7(c). Counts 1, 3, 5, 7, and 9 of the indictment, the felony charges, alleged:
“The Grand Jury of said County charge that, before the finding of this Indictment, Nancy Lillian Worley, alias Nancy Worley, whose name is otherwise unknown to the Grand Jury, did attempt to use her official authority or position, to-wit: the Secretary of State for the State of Alabama, for the purpose of influencing the vote or political action of any person, to-wit: [name of recipient of letter], by soliciting: financial contributions, placement of a bumper sticker on a vehicle, ‘door-to-door’ activities, ‘telephone bank’ activities, ‘letter writing’ activities, ‘fundraising’ activities, the obtaining of a ‘yard sign, and/or the providing of ‘clerical’ assistance, in violation of Section 17-l-7(b) [now § 17-17-4] of the Code of Alabama, against the peace and dignity of the State of Alabama.”
*430 Section 1Y — 1—7(b), Ala.Code 1975, at the time relevant to these charges, provided:[2]
“No person shall attempt to use his or her official authority or position for the purpose of influencing the vote or political action of any person. Any person who violates this subsection (b) shall be guilty of a felony and punishable by a fine not to exceed ten thousand dollars ($10,000) or imprisonment in the state penitentiary for a period not to exceed two years, or both.”
Counts 2, 4, 6, 8, and 10 of the indictment, the misdemeanor charges, alleged:
“The Grand Jury of said County further charge that, before the finding of this Indictment, Nancy Lillian Worley, alias Nancy Worley, whose name is otherwise unknown to the Grand Jury, an officer or employee of the State of Alabama, to-wit: the Secretary of State for the State of Alabama, did solicit a political campaign contribution from another employee, to wit: [name of recipient of letter], who worked for the said Nancy Lillian Worley in a subordinate capacity, in violation of Section 17 — 1—7(c) [now § 17-17-5] of the Code of Alabama, against the peace and dignity of the State of Alabama.”
Section 17 — 1—7(c), Ala.Code 1975, at the time relevant to these charges, provided, in relevant part:[3]
“No person in the employment of the State of Alabama, a county, or a city whether classified or unclassified, shall use any state, county, or city funds, property or time, for any political activities. Any person who is in the employment of the State of Alabama, a county, or a city shall be on approved leave to engage in political action or the person shall be on personal time before or after work and on holidays. It shall be unlawful for any officer or employee to solicit any type of political campaign contributions from other employees who work for the officer or employee in a subordinate capacity. It shall also be unlawful for any officer or employee to coerce or attempt to coerce any subordinate employee to work in any capacity in any political campaign or cause. Any person who violates this section shall be guilty of the crime of trading in public office and upon conviction thereof, shall be fined or sentenced, or both, as provided by Section 13A-10-63.”
Worley sent the following letter to the five employees named in the indictment on her campaign letterhead:
“Dear [name of employee],
“Working together, we have been able to achieve MANY successes in the Secretary of State’s Office over the past three years. We have also faced several challenges, yet our office is stronger today, more productive, more service-oriented, and more respected than ever before! THANK YOU!
“You have probably heard by the state government ‘grapevine’ that I am running for re-election, but I want to ask for your support and your vote in the *431 June 6, 2006, Democratic Primary Election. In 2003, when I entered the Secretary of State’s Office, I requested that we not discriminate against anyone because of his/her politics, race, religion, social status, etc. Thus, if you choose to support another candidate, you have every right to make that decision without any problems from me.
“I am enclosing an envelope on which you may volunteer, request a yard sign, etc.; however, you may also choose to destroy this envelope. You will be given the same professional respect you have previously been given if you choose the latter.
“I will be honored if you will attach the enclosed bumper sticker to your vehicle’s bumper or rear window. If you need additional bumper stickers, please call my home/campaign number ... and leave a message.
“Thank you again for your hard work to make the Secretary of State’s Office one of the best in state government — in Alabama and throughout the nation. “Sincerely yours,
7s/ Nancy L. Worley
“Nancy L. Worley”
Included in the envelope with Worley’s letter were a campaign bumper sticker and a pledge envelope on which the recipient could indicate whether he or she wished to support the campaign with financial contributions and/or participation in such activities as fund-raising, letter writing, and working a telephone bank.
Worley filed a motion to dismiss all the charges against her. The trial court held a hearing on Worley’s motion to dismiss at which the parties presented arguments and at which the State outlined for the court the evidence it expected to present at trial. The trial court then allowed the State to file a written response to Worley’s motion to dismiss. After the State filed its response, the trial court held a second hearing at which it stated that it would be dismissing the five felony charges. On July 16, 2007, the trial court entered a judgment dismissing the five felony charges. The trial court stated, in pertinent part:
“Nancy Worley, former Secretary of State, was indicted on multiple misdemeanor and felony counts. Both the misdemeanors and felonies arose from the same act, the mailing of a campaign solicitation letter.... The letter itself is unremarkable and is typical of the solicitations which proliferate in an election year. The letter seeks financial contributions in addition to help with Worley’s re-election campaign. She promised no retribution against those who chose to support her opponent and enclosed a bumper sticker.
“The crux of the criminal case is that this letter was mailed to employees within the Secretary of State’s office. Alabama law expressly seeks to insulate civil servants from the political machinations of their superiors. Ala.Code § 17-l-7(c) (recodified by Act 2006-570 at Ala.Code § 17-17-5) states in pertinent part:
“ ‘It shall be unlawful for any officer or employee to solicit any type of political campaign contributions from other employees who work for the officer or employee in a subordinate capacity. It shall also be unlawful for any officer or employee to coerce or attempt to coerce any subordinate employee to work in any capacity in any political campaign or cause.’ Ala. Code § 17-l-7(c) (recodified by Act 2006-570 at Ala.Code § 17-17-5).
“This section is the only explicit mention of subordinate civil servants in the *432 statute at issue. Violation of this section is a misdemeanor.
“The State, however, elected to also indict Worley under § 17 — 1—7(b):
“ ‘Any person who attempts to use his or her official authority or position for the purpose of influencing the vote or political action of any person shall be guilty, upon conviction, of a Class C felony.’ Ala.Code § 17 — 1—7(b) (reco-dified by Act 2006-570 at Ala.Code § 17-17-4).
“The State overreached by trying to turn the mailing of the letter from a misdemeanor into a felony. It is beyond cavil that had the letter not been sent to subordinates, no criminal liability would have attached. How could it? The letter is no different from the sort mailed by candidates of every stripe in every campaign. Yet, the law which prohibits mailing the letter to a subordinate expressly imposes a misdemeanor penalty. If the State is correct, then any incumbent candidate who mails such a letter, stating his office, to any citizen is guilty of a felony because the felony law, subsection (b), makes no distinction between citizens and civil servants. If the transgression is mailing the letter to a subordinate, and it is, the only law declaring such conduct illegal is the misdemeanor statute.”
II. Analysis
On appeal to the Court of Criminal Appeals, the State argued that, although the trial court’s order had been couched in terms of statutory construction, the trial court in effect made a pretrial determination that the evidence submitted by the State in opposition to Worley’s motion to dismiss — evidence the State averred it expected to present at trial — could not establish the elements required to prove the felony charges against Worley. The Court of Criminal Appeals reversed the trial court’s judgment of dismissal of the felony charges. Worley contended in her petition for a writ of certiorari that the judgment of the Court of Criminal Appeals conflicted with prior decisions of this Court dealing with the doctrine of invited error.
Worley contends that the State invited the trial court’s reliance on the evidence it offered in opposition to the motion and thus cannot argue that the trial court’s judgment should be reversed based on the trial court’s conclusion that that evidence was insufficient. The Court of Criminal Appeals described the State’s position before it as follows:
“The State argues that the trial court erred when it dismissed the felony charges because, it says, ‘[a] jury could reasonably determine, from the evidence that the State expects to present at trial, that Worley was guilty of both the felony and misdemeanor offenses arising from her actions towards the employees of the Secretary of State’s Office.’ (State’s brief, at pp. 18-19.) The State further argues that, although the trial court’s order was couched in terms of statutory construction, the trial court had actually made a pretrial determination that the State’s proposed evidence did not fall within the parameters of the felony statute. Thus, the State continues, the trial court erroneously foreclosed the State from the opportunity to present its evidence to the jury so that the jury could determine whether the State’s evidence established the elements of the felony charges.”
102 So.3d at 412.
It is undisputed that the State injected in both its written response to Worley’s motion to dismiss and at the hearings held on that motion a proffer of the evidence it intended to offer at trial. The Court of Criminal Appeals held:
*433 “The difficulty with the trial court’s analysis is that it was based almost entirely on the court’s examination of the evidence it understood the State would offer at trial and on its determination that that evidence did not fit within the elements of the felony statute. Thus, the trial court’s dismissal of the felony charges was a pretrial fact-based determination of the evidence the court believed that the State might or might not have presented at trial. That fact-based pretrial determination was made in error.”
102 So.3d at 415.
Worley states in her petition for the writ of certiorari:
“The Appeals Court treated this point ..., finding that the State’s overall opposition to the motion to dismiss, and the State’s argument that its evidence would be sufficient to prove violations of the felony statute, were sufficient to preserve the argument (which the State never made below) that the trial court was barred from considering the facts on motion to dismiss.”
Petition, at 6 (second emphasis added). Worley asserts that the Court of Criminal Appeals’ decision conflicts with Archer Western Contractors, Ltd. v. Benise-Dowling & Assocs., 33 So.3d 1216, 1219 (Ala.2009) (“ ‘A party may not avail himself of error, if any, into which he has led the court; that is called invited error.’ ” (quoting State Farm Mut. Auto. Ins. Co. v. Humphres, 293 Ala. 413, 418, 304 So.2d 573, 577 (1974))).
The Court of Criminal Appeals held:
“Worley sought dismissal of the felony counts on the ground that the State had improperly charged her with felony offenses even though, she argued, the alleged improper actions constituted only misdemeanor offenses. In order to reach its determination that the felony counts were due to be dismissed, the trial court evaluated the evidence the State intended to present at trial, and it concluded that all Worley’s conduct fell within the parameters of the misdemeanor statute. Although the trial court couched its analysis in terms of statutory construction, the trial court truly made a pretrial determination as to the sufficiency of the evidence, and such a determination is not permitted by the Alabama Rules of Criminal Procedure or by Alabama caselaw. Therefore, the trial court should have permitted the State to present to the jury all the evidence it had to offer toward proving both the felony charges and the misdemeanor charges. At the conclusion of the State’s ease, Worley will have the opportunity to make a motion for a judgment of acquittal challenging any alleged deficiencies in the State’s attempt to prove a prima facie case, and the trial court can then properly enter a ruling on the sufficiency of the State’s evidence. The trial court erred when it dismissed the felony counts against Worley.”
102 So.3d at 416-17. The Court of Criminal Appeals did not say that the State’s proffer of evidence was sufficient; rather, the court said that the trial court’s ruling, based on nothing more than the State’s proffer, was premature.
In its brief to this Court, the State argues:
“Simply put, Worley’s argument begs two questions:
“1. How else could the State have rebutted her claim for dismissal that her conduct did not fall within the felony statute (C. 47-48) in the trial court without attempting to show that her conduct did, in fact, fall within that statute?
*434 “2. When the trial court erroneously held that Worley’s conduct did not fall within the felony statute, how else could the State have obtained review of that error without again arguing— on appeal — that her conduct did, in fact, fall within that statute?
“The State did precisely what was required to obtain appellate review of the trial court’s error — it argued, in response to Worley’s motion to dismiss, that its evidence supported both the felony and misdemeanor charges — and, on appeal, it argued that the trial court erred in granting that motion to dismiss because the evidence supported both charges. This, Worley would have this Court believe, is invited error.”
State’s brief, at 22 (second emphasis added).
We do not agree with the State’s position. The State should have argued to the trial court that the appropriate time for it to consider Worley’s motion to dismiss would have been at the conclusion of the State’s case, not before the trial, and that, moreover, when the time to consider the motion did come, the motion should be denied for the following reasons, thereby setting forth the proffer. Instead, the State proceeded immediately to a discussion of the evidence it expected to be presented at trial, without advising the trial court that its proffer was premature and that it would be error for the trial court to rely on it.
We conclude that the State invited the error of which it now complains when it laid out for the trial court the evidence it expected to offer in opposition to Worley’s motion without informing the court that it would be premature for it to consider that evidence. The Court of Criminal Appeals reversed the trial court’s judgment because the trial court weighed the evidence at the pretrial stage, apparently in response to the State’s invitation to do so, not because the evidence supported the charges. Therefore, the Court of Criminal Appeals’ judgment is due to be reversed. On remand, the Court of Criminal Appeals should evaluate the trial court’s judgment of dismissal in light of the evidence submitted by the State in opposition to Wor-ley’s motion to dismiss. The trial court evaluated the evidence the State expected to offer against Worley at the State’s invitation to do so; the Court of Criminal Appeals should do likewise. Furthermore, the Court of Criminal Appeals should consider the substantive issues of statutory interpretation that led the trial court to dismiss the felony charges against Worley in the context of the State’s proffer of evidence before the trial court.
III. Conclusion
We reverse the judgment of the Court of Criminal Appeals, and we remand the cause to that court for further proceedings consistent with this opinion in the context of the evidence proffered by the State, including a consideration of the merits of the State’s argument that the trial court erred in dismissing the felony charges against Worley and a substantive consideration of the questions of statutory interpretation that led the trial court to dismiss the felony charges.
REVERSED AND REMANDED WITH INSTRUCTIONS.
COBB, C.J., and WOODALL, STUART, SMITH, PARKER, MURDOCK, and SHAW, JJ., concur.
BOLIN, J., recuses himself.

. Effective January 1, 2007, these provisions have been amended and renumbered. The substance of § 17 — 1—7(b) can now be found in § 17-17-4; what was formerly § 17-l-7(c) can now be found unchanged in § 17-17-5. See Act No. 2006-570, Ala. Acts 2006.

. The Court of Criminal Appeals noted in Worley: "In Act No. 2006-570, Ala. Acts 2006, effective January 1, 2007, the Alabama Legislature recodified § 17-1-7(b) as § 17-17-4, Ala.Code 1975. That statute now provides: 'Any person who attempts to use his or her official authority or position for the purpose of influencing the vote or political action of any person shall be guilty, upon conviction, of a Class C felony.’ " 102 So.3d at 413-14 n. 4.

. The Court of Criminal Appeals noted in Worley: "In Act No. 2006-570, Ala. Acts 2006, effective January 1, 2007, the Alabama Legislature recodified § 17 — 1—7(c) as § 17-17-5, Ala.Code 1975. The language of the statute remained unchanged." 102 So.3d at 414 n. 5.