WELCH, Presiding Judge,
concurring in the result and dissenting in part.
The majority affirms Hope Elisabeth Ankrom’s conviction following her guilty plea to chemical endangerment of a child, a violation of § 26-15-3.2, Ala.Code 1975, after reviewing her challenge to the trial court’s denial of her motion to dismiss the indictment. I agree that Ankrom’s conviction is due to be affirmed, but I do not agree that a construction of the statute charging chemical endangerment of a ehild is necessary or proper in this case, and is in fact premature.[3] The indictment charg *386 ing Ankrom properly charged an offense within the circuit court’s jurisdiction, and her guilty plea established all of the elements of the offense; therefore, I concur in the result. Furthermore, I disagree with the majority’s decision to overrule Doseck v. State, 8 So.3d 1024 (Ala.Crim.App.2008), and I dissent from that portion of the opinion. ■
Some additional details of the procedural history in this case are relevant to an understanding of the posture of this case on appeal. Ankrom was charged with knowingly, recklessly, or intentionally causing or permitting a child to be exposed to, to ingest or inhale, or to have contact with cocaine, in violation of § 26-15-3.2(a)(1), Ala.Code 1975. Ankrom filed a motion to dismiss the indictment and stated that “the alleged scenario suggested by the prosecution” would “suffice for the Court’s understanding of this motion to dismiss the indictment” against her. (C. 20.) Ankrom then stated in the motion that a police officer had been notified that Ankrom had given birth that day and that both she and the infant had tested positive for cocaine. Ankrom raised numerous grounds in support of the motion to dismiss the indictment, and she summarized the grounds as follows:
“For the following reasons, the indictment in this case is due to be dismissed:
“1. The plain language of the statute shows that the legislature intended for the statute .to apply only to a child, not a fetus.
“2. Overwhelmingly, courts in other states which have enacted the same or similar chemical endangerment statutes have determined that such statutes do not apply to prenatal conduct that allegedly harms a fetus.
“3. The state’s contention that the Defendant violated this statute renders the law impermissibly vague, and therefore the Rule of Lenity applies. The Rule of Lenity in statutory construction states that in construing an ambiguous statute, the court should resolve the ambiguity in favor of the defendant.
“4. It is the legislature’s duty, and not that of a district attorney, to proscribe criminal offenses.
“5. The legislature has previously considered amending the statute to include prenatal conduct that harms a fetus, and declined do so.
“6. The Defendant has not been accorded due process because there was no notice that her conduct was illegal under this statute.
“7. The prosecution of pregnant women is a violation of the constitutional guarantee of Equal Protection.
“8. Prosecution of pregnant, allegedly drug-addicted women is against public policy for numerous moral and ethical reasons.”
(C. 21-22.)(Emphasis in original.)
The State filed a response to Ankrom’s motion to dismiss, and its argument to the trial court began: “Fool me once, shame on you; fool me twice, shame on me.” (C. 37.) The State argued that the issue of the applicability of the ehemical-endangerment statute to a woman whose infant had tested positive for cocaine at birth already had been presented to this Court in a mandamus proceeding arising out of a Covington County prosecution. See Ex parte Ward (CR-07-1925, Oct. 16, 2008), 33 So.3d 656 (Ala.Crim.App.2008) (table). The State alleged that the facts and legal *387 arguments in Ankrom’s case were almost identical to those in Ward’s case; that Ward had also filed a motion to dismiss the indictment and the motion had been denied; and that Ward had filed a petition for a writ of mandamus seeking an order directing the trial court to dismiss the indictment, which this Court denied. The State attached to its response the brief filed by the Alabama Attorney General in support of the denial of Ward’s mandamus petition, and it adopted all the arguments the attorney general had made. (C. 38.) In the attorney general’s brief to this Court in Ex parte Ward, the State argued that mandamus did not lie because Ward was not entitled to a dismissal of the indictment charging her with chemical endangerment. The attorney general argued:
“Moreover, because the State has not been afforded an opportunity to offer any evidence in this case, either in response to Ward’s motion to dismiss or at trial, this Court, unlike the court in [Ex parte Collins, 302 So.2d 551 (Ala.Crim.App.1974) ], does not have ‘all the evidence pertaining to the issue of the writ’ before it. See id.[,] 302 So.2d at 553. If Ward is tried, she will be able to raise a challenge to the sufficiency of the evidence in a motion for judgment of acquittal and, if convicted, she will be able to raise this same challenge on direct appeal.
Because the State may be able to prove at trial that Ward exposed [her infant] to cocaine after she was born, and because this Court does not have sufficient evidence before it to find otherwise, this Court need not address the question of whether the statute applies to a woman who uses illegal drugs during pregnancy.”
(C. 62.)(Emphasis added.)
After the State filed its response to An-krom’s motion to dismiss the indictment, the trial court entered an order denying Ankrom’s motion:
“Defendant’s Motion to Dismiss Indictment is denied.”
(C. 127.)
Ankrom subsequently entered a guilty plea and stated that she was reserving the issue raised in the motion to dismiss the indictment, that is, whether the facts as alleged charged an offense against her.
Ankrom argues that the judgment against her should be reversed and a judgment rendered in her favor because, she says, the indictment failed to charge an offense under the law and the trial court erred when it denied the motion to dismiss the indictment. I believe the trial court correctly denied the motion to dismiss the indictment because the claim underlying Ankrom’s challenge to the indictment was based on the sufficiency of the evidence to prove the crime with which she had been charged, and such challenges are not properly made in pretrial motions to dismiss. Because I believe that the trial court’s judgment was due to be affirmed on that ground, I also believe that the majority has incorrectly framed the issue as “whether a mother who ingested a controlled substance during her pregnancy may be prosecuted under • § 26-15-3.2(a)(1), Ala.Code 1975, if at birth the infant tests positive for the controlled substance,” 152 So.3d at 377, and that the majority’s interpretation of the statute is unnecessary to the resolution of the case. Finally, because I do not agree that Doseck v. State, 8 So.3d 1024 (Ala.Crim.App.2008), should be overruled, I dissent from that portion of the decision.
I.
This Court has consistently held that a motion to dismiss an indictment, Rule 13.5(c)(1), Ala. R.Crim. P., does not pro *388 vide an avenue for the pretrial challenge to the sufficiency of the State’s evidence. See Doseck, supra, and cases cited therein. See also State v. Bethel, 55 So.3d 377 (Ala.Crim.App.2010) (the circuit court’s dismissal of the indictment against Bethel during guilty-plea proceedings after it heard the factual basis for the plea was error, in part because “Rule 13.5[, Ala. R.Crim. P.,] does not permit the dismissal of an indictment based on insufficient evidence”); Billingsley v. State, (No. CR-08-1971, October 22, 2010) 92 So.3d 814 (Ala.Crim.App.2010) (table); Jones v. State, 8 So.3d 1038 (Ala.Crim.App.2008).
The majority recognizes that Doseck would be controlling precedent in this case and that, if Doseck were followed, it would have to hold that the Ankrom’s claim was not properly before this Court for review. Then, without invitation from either party, the majority overrules Doseck. The majority states it has reexamined Doseck, a case that was decided less than three years ago, and has determined it conflicts with established precedent from the Alabama Supreme Court, such as Ex parte Deramus, 882 So.2d 875 (Ala.2002), that hold that the substance of a motion — and not its style — determines what kind of motion it is. The majority also quotes with approval the - dissenting opinion in Doseck, in which then Judge Shaw[4] stated that he would not penalize Doseck for not styling his motion properly when he presented a pure question of law, that is, whether Do-seck’s undisputed actions constituted felony escape or misdemeanor escape.
The principles underlying this Court’s opinion in Doseck were recently reaffirmed by the Alabama Supreme Court in Ex parte Worley, 102 So.3d 428 (Ala.2010). A decision overruling Doseck would conflict with precedent from the Alabama Supreme Court; therefore, I believe that this Court cannot overrule Doseck.
In Ex parte Worley, the State had charged Worley with five felony violations and five misdemeanor violations related to her campaign activities. Worley filed a pretrial motion to dismiss the charges, and the trial court dismissed the felony charges against her because, that court determined, the State’s proposed evidence could not support the felony charges. The State appealed, and this Court, relying on Doseck, reversed the trial court’s judgment and held that the dismissal was improper. We held that “the trial court truly made a pretrial determination as to the sufficiency of the evidence, and such a determination is not permitted by the Alabama Rules of Criminal Procedure or by Alabama caselaw.” State v. Worley, 102 So.3d 408, 417 (Ala.Crim.App.2009). The Alabama Supreme Court reversed this Court’s judgment and stated, in relevant part:
“The State should have argued to the trial court that the appropriate time for it to consider Worley’s motion to dismiss would have been at the conclusion of the State’s case, not before the trial, and that, moreover, when the time to consider the motion did come, the motion should be denied for the following reasons, thereby setting forth the proffer. Instead, the State proceeded immediately to a discussion of the evidence it expected to be presented at trial, without advising the trial court that its proffer was premature and that it would be error for the trial court to rely on it.
“We conclude that the State invited the error of which it now complains when it laid out for the trial court the evidence it expected to offer in opposition to Worley’s motion without inform *389 ing the court that it would be premature for it to consider that evidence.”
Ex parte Worley, 102 So.3d at 484 (emphasis added).
The Alabama Supreme Court’s holding reaffirms the legal principles discussed and applied in Doseck — that a challenge to the sufficiency of the State’s evidence is not properly raised in a pretrial motion to dismiss an indictment. If a trial court was permitted by law to conduct a pretrial examination of the sufficiency of the evidence in the context of a motion to dismiss, the Alabama Supreme Court would not have relied on the doctrine of invited error in its analysis of Worley’s case.[5]
Because the Alabama Supreme Court has recently reaffirmed the principles underlying Doseck and similar cases decided both before and after Doseck, this Court is not at liberty to overrule Doseck. As an intermediate appellate court, we are bound by the decisions and holdings of the Alabama Supreme Court. See § 12-3-16, Ala.Code 1975, which provides: “The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the Supreme Court as provided by Constitutional Amendment No. 328.”
The majority’s decision overruling Do-seck thus conflicts with Ex parte Worley.
II.
Even if precedent from the Alabama Supreme Court did not preclude this Court from overruling Doseck, I would nevertheless dissent from that portion of the majority opinion doing so, because Doseck should not be overruled.
First and foremost, I believe the majority has ignored the doctrine of stare deci-sis. In Grantham v. State, 540 So.2d 779 (Ala.1988), the Alabama Supreme Court adopted Judge Bowen’s dissenting opinion, which stated, in relevant part:
“ ‘Until a decision of this court is reviewed and reversed by the Supreme Court, in cases authorized by law and in accordance with the rules made and provided, the decisions and opinion of this court construing a statute have the force and effect of judicial construction.’ People’s Auto Co. v. State, 23 Ala.App. 7, 8, 121 So. 907 (1928), cert. denied, 219 Ala. 280, 121 So. 908 (1929). This principle is part of the foundation of our system of jurisprudence:
“ ‘ “While the law is and should be ever in progression towards perfection its application should be as immutable as the law of gravitation until a change has been effected therein either by constitutional amendment, by legislation or by judicial interpretation.
“ ‘ “Hence, the rule of stare decisis has long been recognized as the bulwark of American jurisprudence, and unless it is adhered to in this instance what was [the crime of escape under our decision in Alexander v. State, 475 So.2d 625 (Ala.Crim.App.1984),] would now [be no crime].
“ ‘ “Such a ruling would do violence to our time-honored tradition of trial courts’ reliance on judicial opinions for guidance and freedom from error. It would place the mark of condemnation upon the trial judge who in the exer- *390 else of his bounden duty looked to the decisions of the appellate court for guidance.” State v. Stout, 90 Okla. Crim. 35, 210 P.2d 199, 203 (1949).’ ”
Grantham v. State 540 So.2d at 781, quoting Grantham v. State, 540 So.2d 775, 778-79 (Ala.Crim.App.1987) (Bowen, P.J.,'dissenting).
Although Grantham discussed a decision of this Court construing a statute as having the force and effect of judicial construction until it is reversed by the Alabama Supreme Court, I am unaware of anything in Alabama law that would set a different standard for a decision of this Court following its construction of a rule of criminal procedure. The Alabama Supreme Court has stated: “Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.” Moore v. Prudential Residential Servs., Ltd. P’ship, 849 So.2d 914, 926 (Ala.2002). By conducting a sua sponte reexamination of Doseck the majority has ignored the foregoing principle and has abandoned recent precedent from this Court without any briefing or argument from the parties, and without any reexamination of the underlying rationale for the decision. The majority’s willingness to cast aside a recent decision of the Court without an intervening change in the law or a challenge from the parties reflects a lack of judicial restraint. This Court’s decision in Doseck is entitled to stand until it is properly challenged and receives an adequate review following a thorough briefing from the parties. “Stare decisis should be made of sterner stuff than the mere fabric of this year’s fashion.” Lowman v. Piedmont Exec. Shirt Mfg. Co., 547 So.2d 90, 96 (Ala.1989) (Houston, J., concurring in part and dissenting in part).
Furthermore, there exists no valid basis for overruling Doseck. Since 2008, when Doseck was decided, there has been no change in the Alabama Rules of Criminal Procedure or in the legal principles on which this Court relied in Doseck. Rule 13.5(c), Ala. R.Crim. P., did not in 2008— and it does not today — provide for the pretrial dismissal of an indictment based on a presumed insufficiency in the State’s evidence. The majority does not dispute this point. Rather, the majority’s argument in support of overruling Doseck and reaching the merits of Ankrom’s argument is that defendants like Ankrom, who present to the trial court the question whether their actions constitute a violation of'the statute under which they are charged should not be penalized for presenting the question in an “improperly styled manner,” such as in a motion to dismiss the indictment. 152 So.3d at 379.
I do not disagree with the majority’s discussion of the proposition that a motion or other pleading should be treated according to its substance and not its style. However, the significant fact that the majority does not address here, and that then Judge Shaw failed to address in his dissent in Doseck, is that in Ex parte Deramus and in subsequent cases applying that principle of law, two conditions existed: first, there was a “misstyled” petition or pleading of some sort filed by the petitioner, and, second, there was also another petition or pleading available to the petitioner as the appropriate means of gaining judicial review of the relevant issue. That is not the case here, and it was not the case in Doseck. Ankrom could not properly use a motion to dismiss the indictment as a means of gaining review of her argument that the facts, as alleged, did not charge a crime under the chemical-endangerment statute. However, there exists no alternative procedure or filing by which Ankrom could have properly obtained pre *391 trial judicial review of that issue. I find it most telling that the majority does not state what pleading or motion Ankrom should have filed or the type of pleading Ankrom’s motion to dismiss was to be .considered. The reason for that is simple: there is no such pleading, procedure, or other mechanism provided for in the Alabama Rules of Criminal Procedure or in caselaw that permits a trial court to review alleged or stipulated facts to determine whether they charge an offense under the relevant statute. The majority asserts that the motion to dismiss “was obviously mislabeled, because it did not challenge the validity of the indictment.” 152 So.3d at 377. Ankrom likely filed a motion to dismiss the indictment — as did Doseck— because there was no other pleading to file. Therefore, the majority’s argument that the substantive issue can be reviewed simply because Ankrom mislabeled her pleading is unavailing.
Undeterred by the fact that no mechanism exists in current Alabama procedure for a court to conduct a pretrial review of the sufficiency of the State’s evidence, the majority creates a mechanism and simply declares:
“[W]here a pure question of law as to whether an accused’s actions constitute a violation of the statute he or she is charged with violating is properly presented to the trial court, ruled on by the trial court, and properly reserved for appeal during the guilty-plea colloquy— the appellant should not be penalized for raising that question of law in an improperly styled pleading, such as in a motion to dismiss the indictment. To hold otherwise would result in legally meritless cases being sent to trial and would waste precious judicial resources. Additionally, it is important to note that the State and Ankrom presented this legal issue fully to the trial court. Further, all parties were clearly aware of the question presented to, and ruled upon, by the trial court. It would be procedural folly for our Court to now refuse to consider the merits of this issue.”
152 So.3d at 378-79.
I disagree with the majority’s analysis for several reasons. First, the issue was not “properly presented” to the trial court. As I have discussed above, this Court is not reviewing a mislabeled or a misstyled pleading that can be considered as if it were some other “properly styled” pleading. There is no pleading, petition, or procedure allowing a trial court to conduct a pretrial review of the underlying substantive issue presented here — whether the defendant’s actions constitute a violation of the statute. By sanctioning such a procedure the majority has acted well beyond the bounds of its authority, and has, in essence, modified the Alabama Rules of Criminal Procedure and engrafted into the rules a form of summary judgment as found in the Alabama Rules of Civil Procedure. See Rule 56, Ala. R. Civ. P.
Only the Alabama Supreme Court has the authority to promulgate rules and regulate the procedures applicable to criminal proceedings. § 12-2-7(4), Ala.Code 1975; Ala. Const.1901, § 150. The Alabama Supreme Court in Marshall v. State, 884 So.2d 900 (Ala.2003), noted that it has the authority to amend the rules of procedure and stated:
“The Court of Criminal Appeals claimed in Brooks [v. State, 892 So.2d 969 (Ala.Crim.App.2002),] that it had ‘created a narrow exception to the 42-day rule [in Rule 4(b)(1), Ala. R.App. P.,] in Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000).... ’ Brooks, 892 So.2d at 971. The Court of Criminal Appeals may not, however, amend the rules of procedure.”
*392 884 So.2d at 905 n. 5 (second emphasis added). See also Dutell v. State, 596 So.2d 624, 625 (Ala.Crim.App.1991) (stating that, in construing the Alabama Rules of Criminal Procedure promulgated by the Alabama Supreme Court, “this court will attempt to ascertain and to effectuate the intent of the Alabama Supreme Court as set out in the rule” and citing Shelton v. Wright, 489 So.2d 55 (Ala.1983)). As an intermediate appellate court, this Court may interpret and apply the existing rules of procedure, but it may not rewrite them. The majority’s attempt to create an avenue for a pretrial ruling on a hypothetical question regarding the sufficiency of the evidence goes well past the clearly defined limits of this Court’s authority.
It is important to note that the substantive issue — whether Ankrom’s actions constituted a violation of the statute — is not truly the issue before this Court. A defendant at a guilty-plea hearing may reserve for review only issues for which he or she received adverse rulings from the trial court. The only adverse ruling in the case was the denial of the motion to dismiss the indictment, and because the underlying substantive issue was not properly raised in a motion to dismiss the indictment, that substantive issue was not “properly presented” to the trial court. The majority labels the substantive issue as “a pure question of law” in an attempt to justify its review of the issue, but that label is not realistic because the resolution of the issue depends on an interpretation of the statute in light of the facts of Ankrom’s case.
The State adopted the arguments in the briefs submitted in Ex parte Ward, and the initial argument in the attorney general’s brief was that the trial court had properly denied Ward’s motion to dismiss because Ward had a legal remedy available to challenge whether her actions constituted a violation of the chemical-endangerment statute — she could file a motion for a judgment of acquittal at the conclusion of the State’s case at trial. So it is with Ankrom. The issue whether her actions constitute a violation of the chemical-endangerment statute can only be “properly presented” at trial in a motion for a judgment of acquittal. To sanction a pretrial review of the sufficiency of the evidence in this case, even under the guise that it is purely a legal question, amounts to an attempt by this Court to amend of the rules of criminal procedure.
Next, contrary to the majority’s assertion, the substantive issue whether the statute applied to the facts of Ankrom’s case was not “ruled on by the trial court.” 152 So.3d at 378. As detailed earlier in this special writing, Ankrom raised numerous issues in the motion to dismiss the indictment, and the trial court merely denied the motion.
The majority reads far too much into the court’s one-sentence order when it states that the underlying substantive issue was ruled on by the trial court. In fact, it is more likely that the trial court followed Doseck and denied the motion to dismiss the indictment because, as argued in the response of the State, none of the issues could be properly challenged in a motion to dismiss the indictment. Furthermore, when the trial court ruled on the motion to dismiss, it did not have before it the stipulated facts on which the majority now relies. Those facts were presented at the guilty-plea hearing, and they are not properly considered as part of the review of the trial court’s ruling on the motion to dismiss the indictment.
Next, the majority contends that the parties were aware of the question presented to and ruled on by the trial court and, the majority says, “it is important to note that the State and Ankrom presented this legal issue fully to the trial court.” *393 152 So.3d 379. Where, as here, there is no procedural mechanism to review the sufficiency of the evidence before trial, the parties’ awareness of an issue placed before the court is irrelevant. That awareness does not provide this Court with the authority to amend the Rules of Criminal Procedure to provide for review of an issue not otherwise properly before the court. Moreover, I question whether the parties presented their complete legal arguments on the substantive issue, given the fact that Ankrom merely filed a motion to dismiss the indictment and that the State filed a response that consisted primarily of briefs from another case. Be that as it may, it is unclear to me why either of the foregoing arguments is relevant, because the substantive issue was not properly before the trial court for its consideration.
Although the majority argues that, to refuse to consider the issue now would be procedural folly and a waste of judicial resources, I note, again, that this Court does not have the authority to correct this perceived folly by making a structural change to the rules governing criminal procedure. In State v. McClain, 911 So.2d 54 (Ala.Crim.App.2005), cited in Doseck, the trial court granted the defendant’s motion to dismiss the indictment after the alleged victim stated that she did not want to prosecute the case. This Court reversed the trial court’s judgment and stated that a lack of evidence was not a viable basis for dismissing an indictment according to Rule 13.5(c), Ala. R.Crim. P. This Court also stated: “Although we understand the basis for the trial judge’s frustration, we are nonetheless bound to follow the law.” 911 So.2d at 56. It appears to me that the majority here is frustrated with the current state of the law, but, unlike the McClain Court, the majority has failed to follow the law. Instead, the majority has attempted to amend the Rules of Criminal Procedure to create a mechanism with which to conduct a pretrial review of the sufficiency of the evidence.
For all the foregoing reasons, I believe the majority’s analysis fails. Not only is the majority’s reversal of Doseck unsupported by the Alabama Rules of Criminal Procedure and caselaw from this Court, the majority’s decision conflicts with the Supreme Court’s decision in Ex parte Worley. A pretrial motion to dismiss an indictment is not a proper mechanism by which to challenge the validity of a charge based on the anticipated evidence, and this Court does not have the authority to rewrite the Rules of Criminal Procedure to engraft such a mechanism into the rules. I believe that the majority’s attempt to rewrite the Rules of Criminal Procedure in order to reach the substantive issue in this case exceeds the boundaries of this Court’s authority just as clearly as did this Court’s actions in Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000), rev’d in part, 842 So.2d 726 (Ala.2001), when the Court purported to create an exception to the Rules of Appellate Procedure.
Finally, although I do not agree with the majority’s analysis in this case, I believe that the creation of a procedural mechanism by which a circuit court could consider at the pretrial stage whether a set of alleged or stipulated facts supports a charge under the particular criminal statute might be a useful addition to Alabama’s criminal procedure. Such a procedure would be a wholesale change in the existing law, however, and there is no way to know at this juncture whether that change is necessary or would be helpful to the administration of justice. In any case, a change in the existing law will have to be made by the Alabama Legislature or the Alabama Criminal Rules Committee, under the governance of the Alabama Supreme Court and subject to the limitations of Ala. *394 Const.1901, Art. VI, § 150, and § 12-2-7(4), Ala.Code 1975, that provide the Alabama Supreme Court with authority to create rules governing the “practice and procedure” in all courts, provided that the rules do not “abridge, enlarge, or modify the substantive right of any party,” so as to protect the right of a trial by jury. While I have not decided whether such a change in criminal procedure is warranted, I do know that such a change is not within this Court’s scope of authority. Because the majority has attempted to make that change without any authority to do so, I dissent from the portion of the opinion overruling Doseclc and impermissibly creating this new procedure.
WINDOM, J., concurs.

. "A guilty plea is a judicial confession. ' "A voluntary guilty plea concludes the issue of guilt, dispenses with the need for judicial fact finding, is conclusive as to the defendant’s guilt, and is an admission of all facts sufficiently charged in the indictment.” ’ Whitman v. State, 903 So.2d 152, 155 (Ala.Crim.App.2004) (quoting Morrow v. State, 426 So.2d [481,] at 484 [ (1982) ]). The rule under which the corpus delicti of a crime must be established applies only when the confession is extrajudicial and the accused pleads not guilty, compelling the prosecution to present evidence to prove its case. When a defendant pleads guilty, he or she admits every fact constituting the elements of the offenses and such a plea conclusively establishes the defendant's guilt. Once the trial court has determined that the plea is knowing and voluntary, the *386 trial court need only satisfy itself that the defendant knew what he was pleading guilty to.''
G.E.G. v. State, 54 So.3d 949, 956 (Ala.2010).

. Judge Shaw is now an Associate Justice on the Alabama Supreme Court.

. Unlike in Worley, the State in Ankrom's case — by adopting the briefs and arguments in Ex parte Ward — clearly argued that a ruling on the motion to dismiss was premature because the State had not had an opportunity to present its evidence. Therefore, the State did not invite error here.