PER CURIAM.
The appellant, Cornelius Antoine Bill-ingsley, appeals his guilty-plea conviction for failure to register as a sex offender, see § 13A-11-200, Ala.Code 1975.[1] The circuit court sentenced Billingsley to five years’ imprisonment but suspended that sentence and placed him on two years’ probation. Additionally, the circuit court ordered Billingsley to pay a $50 crime-victims-compensation assessment, an attorney fee, and court costs.
On January 28, 2010, the St. Clair County Grand Jury indicted Billingsley as follows:
“Cornelius Antoine Billingsley, whose name to the Grand Jury is otherwise unknown, having been convicted of the crime of Carnal Knowledge,[2] in the [United States] Military Court of First Region Fort Belvoir, and having been released from legal custody did fail or refuse to first register as required, in *194 violation of [§ ] 13A-11-200 of the Code of Alabama, 1975, as last amended, against the peace and dignity of the State of Alabama.”
(C. 28.) Thereafter, Billingsley filed what he styled as a “motion to dismiss indictment” and an “amended motion to dismiss indictment,” in which he argued that the circuit court lacked subject-matter jurisdiction because, he said, “the legislature did not intend to include [Uniform Code of Military Justice] convictions within the control of § 13A-ll-200[, Ala.Code 1975].” On December 16, 2010, the circuit court denied Billingsley’s motions and Billings-ley pleaded guilty, reserving for appeal the issues raised in his motions.
During the guilty-plea proceeding the State proffered the following factual basis for Billingsley’s guilty plea:
“[Billingsley] is convicted of a criminal sex offense and lived in Jefferson County and moved to the Southern Division of St. Clair County without giving notice and listed a Trails End address in St. Clair County without giving notice to the sheriff. That’s all.”
(R. 6.)
On appeal, Billingsley argues that the circuit court did not have “jurisdiction to convict [him] of failure to register as a sex offender under [§ ] 13A-ll-200[, Ala. Code 1975,] when the offense [that] made the basis of the failure to register conviction is a conviction in a ... military court.” (Billingsley’s brief, p. 6.)
The State, relying on this Court’s affirmance by unpublished memorandum in Billingsly v. State (No. CR-08-1971, Oct. 22, 2010), 92 So.3d 814 (Ala.Crim.App.2010) (table),[3] contends that Billingsley’s argument is not preserved for review because, it says, “[although Billingsley raised the issue in a pretrial motion and reserved the right to appeal its denial, the issue is nothing more than a challenge to the sufficiency of the evidence, which is not proper in a motion to dismiss an indictment.” (State’s brief, p. 4.) In our previous unpublished memorandum, this Court relied on the holding in Doseck v. State, 8 So.3d 1024 (Ala.Crim.App.2008). This Court subsequently overruled Doseck, however, in Ankrom v. State, [Ms. CR-09-1148, Aug. 26, 2011] — So.3d-(Ala.Crim.App.2011), holding:
“[I]n Doseck v. State, 8 So.3d 1024 (Ala.Crim.App.2008), this Court declined to review the merits of a similar issue because the issue had been improperly raised in the trial court by way of a motion to dismiss. This Court held that Rule 13.5(c)(1), Ala. R.Crim. P., does not permit dismissal of an indictment based on the insufficiency of the evidence and that no other ‘Rule of Criminal Procedure ... provides a mechanism for a pretrial challenge to the sufficiency of the evidence.’ Doseck, 8 So.3d at 1025.
*195 “In the present ease, Ankrom’s attorney referenced the indictment when reserving the issue for review and styled the pleading as a ‘Motion to Dismiss Indictment.’ However, the motion was obviously mislabeled, because it did not challenge the validity of the indictment. Rather, Ankrom’s motion and argument forthrightly raised the issue whether her conduct, as a matter of law, constituted a violation of § 26-15-3.2, Ala.Code 1975, the offense charged in the indictment. The trial court was clearly on notice of this legal issue, interpreted the language of the statute to encompass Ankrom’s conduct, and accepted An-krom’s reservation of the issue for appellate review. The State did not object to the reservation of this issue.
“Procedurally, Doseck appears to be nearly identical to the present case and, if followed, would require this Court to hold that Ankrom’s claim is not properly before this Court for review. However, upon reexamining Doseck, we now believe that this decision conflicts with established precedent from the Alabama Supreme Court, such as Ex parte Deramus, 882 So.2d 875[, 876] (Ala.2002). In Ex parte Deramus, the Alabama Supreme Court held:
“ ‘Indeed, the mere mislabeling of a motion is not fatal. King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So.2d 714, 718 (Ala.1987). This Court has stated that it is “committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.” King Mines Resort, 518 So.2d at 718; see also Lockhart v. Phenix City Inv. Co., 488 So.2d 1353 (Ala.1986), and Sexton v. Prisock, 495 So.2d 581 (Ala.1986). Further, the Court has held that “[t]he substance of a motion and not its style determines what kind of motion it is.” Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997).’
“... [W]e now hold that, in circumstances such as those presented in this case and in Doseck — where a pure question of law as to whether an accused’s actions constitute a violation of the statute he or she is charged with violating is properly presented to the trial court, ruled on by the trial court, and properly reserved for appeal during the guilty-plea colloquy — the appellant should not be penalized for raising that question of law in an improperly styled pleading, such as in a motion to dismiss the indictment. To hold otherwise would result in legally meritless cases being sent to trial and would waste precious judicial resources. Additionally, it is important to note that the State and Ankrom presented this legal issue fully to the trial court. Further, all parties were clearly aware of the question presented to, and ruled upon, by the trial court. It would be procedural folly for our Court to now refuse to consider the merits of this issue. To the extent that this Court’s opinion in Doseck held otherwise, it is hereby overruled. Moreover, Ankrom raised this specific issue orally during the guilty-plea proceeding and thereafter reserved it for review.”
Ankrom, — So.3d at-(footnote omitted).
The record here, as in Ankrom, establishes that Billingsley filed what he styled as a “motion to dismiss indictment” and an “amended motion to dismiss indictment,” which do not, as the State contends, challenge the sufficiency of the State’s evidence to support his conviction; rather, they present a pure question of law as to whether Billingsley’s actions constitute a violation of § 13A-11-200, Ala.Code 1975. Furthermore, Billingsley specifically reserved the right to appeal “the issues of *196 jurisdiction and void for vagueness.” (C. 5.) Thus, based on this Court’s holding in Ankrom, Billingsley has properly reserved and preserved this argument for review. Accordingly, we now address Billingsley’s claim on appeal.
Billingsley, as stated above, contends that the circuit court was without “jurisdiction to convict [him] of failure to register as a sex offender under [§ ] 13A-ll-200[, Ala.Code 1975.]” Specifically, Billingsley contends that a conviction in a United States military court does not “trigger[] any duty to register under [§ ] 13A-11-200, Ala.Code 1975.” (Billingsley’s brief, pp. 3-4.) The State, on the other hand, contends that military courts are federal courts because, it says, military courts are “created by federal law under Article I of the United States Constitution” and “the Uniform Code of Military Justice — the governing code followed by the United States military courts in criminal proceedings — is federal law deriving directly from the United States Constitution.” (State’s brief, pp. 7-8.) Thus, the issue before this Court is whether § 13A-11-200, Ala.Code 1975, requires a person convicted of a qualifying offense in a United States military court to register with the sheriff of the county where he or she maintains his or her legal residence.
In Soles v. State, 820 So.2d 163 (Ala.Crim.App.2001), this Court stated:
“ ‘The first rule of statutory construction is that the intent of the legislature should be given effect. Ex parte McCall, 596 So.2d 4 (Ala.1992); Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301 (Ala.1991). However, when possible, the intent of the legislature should be gathered from the language of the statute itself. Dillard, supra. Thus, where the language of the statute is plain, the court must give effect to the clear meaning of that language. Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala.1993); IMED Corp. v. Systems Eng’g Associates Corp., 602 So.2d 344 (Ala.1992).’
“Beavers v. County of Walker, 645 So.2d 1365, 1376-77 (Ala.1994). See also Tuscaloosa County Comm’n v. Deputy Sheriffs' Ass’n of Tuscaloosa County, 589 So.2d 687, 689 (Ala.1991) (‘Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ (citations omitted)).”
820 So.2d at 164-65. “Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.” Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001). “[0]nly if there is no rational way to interpret the words stated will we look beyond those words to determine legislative intent.” DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998).
Section 13A-11-200, Ala.Code 1975, provides, in part:
“(b) If any person, except a delinquent child, as defined in Section 12-15-1, residing in Alabama, has heretofore been convicted, or shall be convicted in any state or municipal court in Alabama, or federal court, or so convicted in another state in any court having jurisdiction similar to the jurisdiction of state and municipal courts in Alabama for any of the offenses hereinafter enumerated, such person shall, upon his or her re *197 lease from legal custody, register with the sheriff of the county of his or her legal residence within seven days following such release or within 30 days after September 7, 1967, in ease such person was released prior to such date. For purposes of this article, a conviction includes a plea of nolo contendere, regardless of whether adjudication was withheld. The offenses above referred to are generally any act of sexual perversion involving a member of the same or the opposite sex, or any sexual abuse of any member of the same or the opposite sex or any attempt to commit any of these acts, and without limiting the generality of the above statement shall include specifically: Rape, as proscribed by Sections 13A-6-61 and 13A-6-62; sodomy, as proscribed by Sections 13A-6-63 and 13A-6-64; sexual misconduct, as proscribed by Section. 13A-6-65; indecent exposure, as proscribed by Section 13A-6-68; promoting prostitution in the first or second degree, as proscribed by Sections 13A-12-111 and 13A-12-112; obscenity, as proscribed by Section 13A-12-131; incest, as proscribed by Section 13A-13-3; or the attempt to commit any of the above offenses.”
A plain reading of § 13A-11-200, Ala. Code 1975, establishes that the statute consists of three parts. First, the statute contains a jurisdictional portion, which sets out the jurisdictions in which convictions for qualifying offenses require registration as follows:
“If any person ... residing in Alabama, has heretofore been convicted, or shall be convicted in any state or municipal court in Alabama, or federal court, or so convicted in another state in any court having jurisdiction similar to the jurisdiction of state and municipal courts in Alabama....”
§ 13A-ll-200(b), Ala.Code 1975. Second, the statute explains the time frame in which an offender is required to register. § 13A-ll-200(b), Ala.Code 1975 (“Much person shall, upon his or her release from legal custody, register with the sheriff of the county of his of her legal residence within seven days following such release or within 30 days after September 7, 1967, in case such person was released prior to such date.... ”). Finally, the statute defines the terms “conviction” and “offenses” as follows:
“For purposes of this article, a conviction includes a plea of nolo contendere, regardless of whether adjudication was withheld. The offenses above referred to are generally any act of sexual perversion involving a member of the same or the opposite sex, or any sexual abuse of any member of the same or the opposite sex or any attempt to commit any of these acts, and without limiting the generality of the above statement shall include specifically: Rape, as proscribed by Sections 13A-6-61 and 13A-6-62; sodomy, as proscribed by Sections 13A-6-63 and 13A-6-64; sexual misconduct, as proscribed by Section 13A-6-65; indecent exposure, as proscribed by Section 13A-6-68; promoting prostitution in the first or second degree, as proscribed by Sections 13A-12-111 and 13A-12-112; obscenity, as proscribed by Section 13A-12-131; incest, as proscribed by Section 13A-13-3; or the attempt to commit any of the above offenses.”
§ 13A-ll-200(b), Ala.Code 1975.
On appeal, Billingsley challenges the jurisdictional portion of the statute only; namely, whether military courts are included in the jurisdictional portion of the statute making it applicable to those convicted in “federal court.” § 13A-11-200(b), Ala.Code 1975.
*198 Merriam-Webster’s Collegiate Dictionary 459 (11th ed.2003) defines “federal court” as “a court established by a federal government” or “one established under the constitution and laws of the U.S.” Military courts are legislative courts, established under Art. I, § 8, Cl. 14 of the United States Constitution, which grants Congress the power “[t]o make Rules for the Government and Regulation of the land and naval Forces.” See, e.g., Gosa v. Mayden, 413 U.S. 665, 686, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973) (stating that “a military tribunal is an Article I legislative court with jurisdiction independent of judicial power created and defined by Article III”). Pursuant to its Article I authority, see Solorio v. United States, 483 U.S. 435, 438-39, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987), Congress enacted the Uniform Code of Military Justice, 10 U.S.C. §§ 801 to 950, which established “an integrated system of military courts and review procedures.” Schlesinger v. Councilman, 420 U.S. 738, 758, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). Therefore, military courts are federally created courts established under the United States Constitution. Accordingly, the plain, ordinary, and commonly understood meaning of the term “federal court” includes a military court.
In Esters v. State, 480 So.2d 615 (Ala.Crim.App.1985), we held that a prior court-martial conviction could be used to enhance a sentence pursuant to the provisions of the Alabama Habitual Felony Offender Act, see § 13A-5-9, Ala. Code 1975, so long as that conviction otherwise qualified as a felony pursuant to Rule 6(b)(3)(iv), Ala. R.Crim. P. (Temp.) (now Rule 26.6(b)(3)(iv), Ala. R.Crim. P.). In so holding, this Court recognized that “[t]he Uniform Code of Military Justice, under which appellant was previously convicted, is a law of the United States and has the force and effect of federal statutes. People v. Benjamin, [7 A.D.2d 410, 184 N.Y.S.2d 1 (1959)]; 10 U.S.C.A. § 801, et seq.; 6 C.J.S. Armed Services § 155 (1975).” Esters, 480 So.2d at 617.
As in Esters, a conviction for violating provisions of the Uniform Code of Military Justice — a law of the United States — carries consequences under Alabama law. In the instant case, the use of the term “federal court” in § 13A-ll-200(b), Ala.Code 1975, encompasses the military-court tribunals created by Congress. Because convictions in “federal court” as used in § 13A-ll-200(b) include convictions in military courts, Billingsley’s guilty-plea conviction for failing to register as a sex offender is due to be affirmed.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
KELLUM, J., concurs.
WINDOM, P.J., and BURKE, J., concur in the result.
WELCH, J., concurs in the result, with opinion.
JOINER, J., dissents, with opinion.

. Section 13A-11-200, Ala.Code 1975, was repealed on July 1, 2011, by Act No. 2011-640, § 49, Ala. Acts 2011.

. The crime of “carnal knowledge” is defined as follows:
"Any person subject to this chapter who, under circumstances not amounting to rape, commits an act of sexual intercourse with a person (1) who is not that person's spouse; and (2) who has not attained the age of sixteen years; is guilty of carnal knowledge and shall be punished as a court-martial may direct.”
10 U.S.C. § 920 (1998), amended by 10 U.S.C. § 920 (2007).

. Billingsly v. State was an appeal from an unrelated conviction involving a similar issue. Although the State’s brief relies on this Court’s memorandum affirmance in Billings-ley's previous unrelated case, we recognize that Rule 54(d), Ala. R.App. P., provides that
"orders of affirmance or a memorandum issued by the Court of Criminal Appeals by which a judgment ... is affirmed without an opinion ... shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court in this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral es-toppel, double jeopardy, or procedural bar."
Thus, we review this case without regard to this Court's previous decision in Billingsly v. State.